PHINEAS F. BEAN *versus* HENRY R. SOPER *& certain logs.*

In a suit under the statute to enforce a laborer's lien on logs not belonging to the person for whom the personal services were performed, the writ ordered the attachment of two lots of logs in a certain river and of a specified mark; the declaration set out the plaintiff's lien upon logs in the same river, of the same marks, by reason of his labor in driving the same; the officer returned an attachment as under a lien of two lots of logs in the river, of the marks described in the declaration; all parties interested were duly summoned, and they appeared, admitted the truth of the declaration and that the logs were attached within sixty days after the same arrived at their place of destination; — *Held*, that the identity of the logs attached, with those upon which the plaintiff labored and thereby acquired a lien, were sufficiently established by the foregoing facts.

ON REPORT.

ASSUMPSIT against the defendant and two lots of logs in the Penobscot river, one marked H × S and the other 4 H 4.

The writ, dated July 27, 1867, ordered the attachment of the logs; and the declaration alleged, substantially, that the plaintiff, during the spring of 1867, had, at the request of the defendant, labored at driving on the waters of the Penobscot river and its tributaries, to the Penobscot boom, certain logs marked H × S and 4 H 4; that the sum of money actually due and unpaid, stipulated by the defendant to be paid to the plaintiff for his personal services thereon, was and is $252, as specified in the account annexed; that, in consideration of the premises, the defendant, on the day of the purchase of the writ, promised the plaintiff to pay him the said sum on demand; and that the plaintiff claims a lien upon the logs, under the statute, for the sum so due, and brings this suit to enforce and secure the same.

On July 31, 1867, the officer returned that he had attached " as under a lien, 400 spruce logs marked H × S, and 200 spruce logs marked 4 H 4, lying on Freese Island, so called, in Penobscot" river, and that, on the " 3d of August, S. N. Hodgdon and Charles G. Stearns & Co. gave their receipt for the same."

The owners of the logs were duly notified and appeared.

It was admitted that the logs described in the declaration were attached within sixty days after they arrived at the place of their destination, and the owners summoned in and confessed the truth of the declaration.

The defendant was defaulted, and such further judgment was to be rendered as the law required.

*C. A. Bailey,* for the plaintiff.

1. The declaration is true, and the attachment was made within the time prescribed by the statute, hence no defence can be maintained. *McPheters* v. *Lumbert,* 41 Maine, 469.

2. Notices duly given. R. S., c. 91, § 20.

3. The defendant *in personam,* and the logs *in rem,* are properly in Court. *Campbell* v. *Smith,* 47 Maine, 143.

4. Plaintiff is entitled to judgment against the defendant *in personam,* and against the logs *in rem. Thompson* v. *Gilmore,* 50 Maine, 428 ; Public Laws of 1862, c. 131, § 2.

*McCrillis,* for the owners of the logs, contended that the case did not show that the logs attached were identical with those upon which the labor was performed. *Thompson* v. *Gilmore,* 50 Maine, 428.

APPLETON, C. J.—It was held in *Thompson* v. *Gilmore,* 50 Maine, 428, that, in a suit under the statute, to enforce a laborer's lien on logs *not* belonging to the person for whom the services were rendered, a valid judgment *in rem* must be obtained against the property ; that the record of the judgment must show that the logs, upon which the labor was expended, are the same which in the writ were commanded to be attached and which were attached ; and that the officer's return of an attachment of logs having similar marks with those described in the plaintiff's declaration, does not establish the fact that the logs attached were identical with those upon which the plaintiff labored.

In *Thompson* v. *Gilmore,* the defendant was sued as sheriff for the default of his deputy, in not keeping and de-

Bean *v.* Soper.

livering over, to be taken in execution, certain logs attached by the plaintiff, in a suit against certain individuals, to secure his lien for labor done by him upon the same. The defendant was relieved from liability, because it did not appear by the judgment that the logs were those to which the plaintiff's lien attached.

The only question here presented is, whether, within that decision, it is sufficiently established that the logs attached in the present suit are those upon which the plaintiff labored, so that the judgment should be rendered specially against the logs attached.

The declaration sets forth the plaintiff's lien upon certain logs of a specified mark, by reason of his labor in driving the same. The officer returns an attachment of logs having the marks described in the plaintiff's writ and that they are subject to a lien. All parties interested have been summoned. They admit the truth of the facts set forth in the plaintiff's declaration. It is conceded, therefore, that the plaintiff labored upon logs of a specified mark and had a lien upon the same. The parties further agree that the logs described in the declaration, and upon which it is admitted there was a lien, were attached within sixty days after they arrived at their place of destination.

We think the identity of the logs attached with those upon which the plaintiff labored and thereby acquired a lien is sufficently established, and that the plaintiff is entitled to a judgment *in rem.*

> *Judgment to be rendered against the logs attached*
> *and that the plaintiff has a lien upon the same.*

CUTTING, KENT, WALTON and DICKERSON, JJ., concurred.